# PLAINTIFF'S EXHIBIT 4

Class Settlement Agreement and Release

---

*In The Case Of*

***Than Zaw, Individually and on Behalf of All Others Similarly Situated,***

***v.***

***Nelnet Business Solutions Inc.; Nelnet, Inc.; and Nelnet Servicing, LLC; and DOES 1-100,***

***C 13-05788 RS***

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1, COSTA MESA, CA 92626
(800) 400-6808

# CLASS SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made by and between plaintiff Than Zaw ("Plaintiff"), individually and on behalf of the class of persons he seeks to represent, and defendant Nelnet Servicing, LLC with reference to the following facts. Plaintiff and Nelnet Servicing, LLC are sometimes collectively referred to herein as the "Parties":

## RECITALS

A. There is pending in the United States District Court for the Northern District of California, a civil action entitled *Zaw v. Nelnet Business Solutions, Inc., et al.,* Case No. 3:13-cv-5788-RS ("the Action").

B. Plaintiff commenced the Action on December 30, 2010 against originally-named defendant Nelnet Business Solutions, Inc., in the Superior Court of California, County of Contra Costa, Case No. CIVMSL10-12548. The limited civil action alleged a claim for violation of California's Rosenthal Fair Debt Collection Practices Act, Civil Code section 1788 et seq. ("Rosenthal Act"). Plaintiff added Nelnet, Inc. as a party in May 2011. On December 18, 2012, Plaintiff filed a Third Amended Complaint alleging putative class claims for (1) violation of California Penal Code section 632 and (2) Invasion of Privacy: Violation of Penal Code section 632.7; and (3) an individual claim for violations of the Rosenthal Act, arising from activity on a student loan held by Plaintiff's cousin Than Z. Lin (hereafter, the "Loan"). Plaintiff's putative class claims for violation of California Penal Code section 632 and Invasion of Privacy: Violation of Penal Code section 632.7 are collectively referred to herein as the "Class Claims." Plaintiff's individual Rosenthal Act claim for relief is the subject of a separate individual settlement agreement. The case was transferred to the unlimited civil division of the Superior Court, Case No. CIVMSC13-00406 on February 5, 2013.

C. On November 27, 2013, Plaintiff filed a Fourth Amended Complaint naming defendant Nelnet Servicing, LLC ("hereafter, "Defendant"). On December 9, 2013, Plaintiff dismissed originally named defendants Nelnet Business Solutions, Inc. and Nelnet, Inc. On December 9, 2013, Defendant filed an Answer to the Fourth Amended Complaint; and on December 13, 2013, Defendant removed the Action to the United States District Court, Northern District of California, Case No. Case No. 3:13-cv-5788-RS.

D. Nelnet Servicing, LLC, Nelnet Business Solutions, Inc. and Nelnet, Inc. are referred to herein collectively as "Nelnet." Plaintiff's Fourth Amended Complaint and all prior versions of the complaint filed in state court, and the allegations asserted therein, are referred to herein collectively as the "Complaint." Nelnet denies the allegations of the Complaint. As used herein, the "Action" refers to and includes both the prior state court actions and the pending case in the United States District Court for the Northern District of California.

E. The Parties have actively litigated the Action, including exchanging voluminous written and document discovery leading up to mediation on October 16, 2013.

F. On October 16, 2013, the Parties attended an all-day mediation with the Honorable Edward A. Infante (Ret.), and reached a settlement of Plaintiff's individual and Class Claims. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of the Class Claims in the Action could be protracted, burdensome, and expensive, and that it is desirable, fair, and beneficial to the putative class that the Action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in this Settlement Agreement.

G. Defendant denies that it has committed any wrongful act or violated any law or duty. Defendant also denies that Plaintiff, or the class he seeks to represent, is entitled to any form of damages or relief based on the conduct alleged in the Action. In addition, Defendant maintains that it has meritorious defenses to all Class Claims alleged in the Action and it is prepared to defend the Action. This Settlement Agreement, and all related documents, shall not be construed as any admission or concession by Defendant, or any of the Released Parties (defined in Section 17 below), of any fault, liability, wrongdoing or damage whatsoever. Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved.

H. Plaintiff and his counsel believe that the Class Claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Plaintiff and his counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. Plaintiff and his counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Settlement Agreement, the Parties hereby agree as follows:

**1. Proposed Class Definition**

For settlement purposes, the Parties have agreed to define the class as follows:

> All persons within the State of California, who, on or after December 18, 2011 through the date of preliminary approval, received a telephone call from Defendant that was recorded and/or monitored by Defendant.

**2. Preliminary Approval of Proposed Class Action Settlement**

2.1 The Parties desire and intend to seek Court approval of the settlement and a final judgment and order dismissing with prejudice the Class Claims of Plaintiff and the Class Members as set forth in this Settlement Agreement. The Parties and their counsel agree to recommend approval of this settlement to the Court and to any regulatory authority responding to the notice of proposed settlement disseminated pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1715(b), *et seq.* The Parties agree to undertake all steps necessary to effectuate the purpose of the settlement, to secure the Court's approval of the settlement, and to oppose any interventions and objections to the settlement, including objections by any regulatory authority. Class Counsel (as defined in Section 2.2 below) reserves the right to appeal any award of attorneys' fees and costs that is less than, and Defendant's counsel reserves the right to appeal any award of attorneys' fees and costs that is more than, the amount the Parties agree to in Section 5 below.

2.2 Upon full execution of this Settlement Agreement, the Parties will file a Motion for Preliminary Approval of Class Action Settlement in accordance with the terms of this Settlement Agreement. The Motion for Preliminary Approval will seek an order that (a) preliminarily approves the settlement of the Action; (b) certifies a Class for settlement purposes as defined in Section 1 above; (c) approves and appoints Plaintiff as representative of the Class

("Named Plaintiff"); (d) approves and appoints Abbas Kazerounian, Esq. of the law firm Kazerouni Law Group, APC; and Joshua B. Swigart, Esq. of the law firm Hyde & Swigart as counsel for the Class ("Class Counsel"); (e) approves the form of the notice to be provided to the Class (the "Notice"); (f) approves the method of providing notice to the Class; and (g) sets deadlines for providing notice to the Class and for Class Members to submit requests for exclusion/opt-out, entry of an appearance, or objections to the proposed settlement. The Parties will thereafter seek final approval of the settlement and entry of Final Judgment (as defined in Section 15.1 below).

**3. The Settlement Fund**

Within 30 days following Final Judgment (as defined in Section 15.1 below) Defendant will pay a non-reversionary "all-in" cash sum in the total amount of $1,188,110.00 (the "Settlement Fund"). In no event shall Defendant be obligated to make any additional payments under the terms of this Settlement Agreement aside from the non-reversionary "all in" cash sum of $1,188,110.00 described above. Each Class Member shall share, pro rata, in the Settlement Fund, as set forth in Section 4 below, after reasonable attorney's fees and costs as approved and awarded by the Court, the costs of notice and claims administration, and the incentive payment to the Named Plaintiff as set forth in Section 7 below are deducted from the Settlement Fund. The Settlement Fund shall constitute the exclusive recovery and relief for the Class.

**4. Recovery for the Class**

Each Class Member who timely submits a claim as set forth in Paragraph 11.1 below will receive a check representing a pro rata share of the Settlement Fund (less any award of attorneys' fees and costs, less any costs of notice and claims administration, and less the incentive payment to the Named Plaintiff as set forth in Section 7 below).

**5. Attorney's Fees and Costs for Class Counsel**

Class Counsel shall move the Court for an award of reasonable attorneys' fees and costs, not to exceed $297,027.00 for fees, plus litigation costs not to exceed $15,000.00 incurred in connection with the Action. Defendant shall not object to or oppose such a motion so long as the amount requested by Class Counsel is not more than $297,027.00 for attorneys' fees and not more than $15,000.00 for litigation costs. Any attorney's fees and costs approved by the Court shall be paid to Class Counsel from the Settlement Fund within 60 days after Final Judgment. This Settlement Agreement is not conditioned on the Court's approval of any attorney's fees and costs sought by Class Counsel. No interest will accrue on any attorneys' fees or costs awarded by the Court to Class Counsel. Class Counsel agree to each submit a completed W-9 form to counsel for Defendant.

**6. Third-Party Claims Administrator**

6.1 The costs and expenses related to notice and claims administration shall be paid from the Settlement Fund established by Defendant. Because the costs and expenses of notice and claims administration will affect the Class Member's pro rata share of the Settlement Fund, such costs and expenses shall be overseen by Class Counsel. Defendant's counsel may also oversee the claims administration process as they deem necessary. The Parties will use good faith efforts to minimize the costs of notice and claims administration.

6.2 Claims administration shall be by a third party administrator, The Garden City Group, Inc. (the "Claims Administrator"), which is located at 1985 Marcus Ave, Lake Success, NY 11042. The Claims Administrator's telephone number is 808-327-3664.

6.3 Subject to the oversight of Class Counsel and Defendant's counsel, the Claims Administrator shall be responsible for, among other things, the following: (a) providing notice to Class Members as set forth in Sections 9.1-9.3 below; (b) providing settlement checks to Class Members entitled to receive a settlement check pursuant to Section 4 above; (c) creating and maintaining a settlement website as set forth in Section 9.4 below; (d) maintaining a toll-free telephone number as set forth in Section 9.5 below; and (e) acting as a liaison between Class Members and the Parties regarding the settlement. The Claims Administrator shall be permitted to communicate without restriction with Class Counsel and Defendant's counsel.

6.4 To facilitate the notice and claims administration process, Defendant has provided to the Claims Administrator and to Class Counsel, in an electronically searchable and readable format, a Notice Database which includes the names, last known email address, last known mailing addresses, and telephone numbers called for all known Class Members, as such information is contained in the reasonably available computerized account records Defendant maintains for the student loans it services.

6.5 If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay the processes described above (6.3-6.4) or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; shall be kept in strict confidence; shall not be disclosed to any third party; and, shall not be used for any other purpose.

**7. Incentive Award for Named Plaintiff**

The Named Plaintiff will apply to the Court for an incentive award of up to $1,500.00 for his service as the class representatives in the Action. Within ten (10) days of Final Judgment (as defined in Paragraph 15.1 below), and receipt by counsel for Defendant of a completed W-9 form from the Named Plaintiff, the incentive award approved by the Court will be paid by the Claims Administrator to the Named Plaintiff from the Settlement Fund. The incentive award approved by the Court will be paid to the Named Plaintiff in the form of a check.

**8. Notice of Settlement and Right to Opt-Out, Enter an Appearance, or Object**

8.1 The Notice to the Class will be in the form of Exhibit "A" attached hereto.

8.2 The Notice will inform the Class Members of the basis of the claims raised in the Action, and the potential payment under this settlement. The Notice will also advise Class Members about how to submit opt out/exclusion requests from the settlement and the deadline for filing any objections to the settlement with the Court. The Notice will also contain a statement that Class Members should direct questions about the Action or proposed settlement to Class Counsel. The Notice shall also inform Class Members of their right to appear in the Action through their own attorney.

///

///

///

**9. E-Mailing or Mailing of Settlement Notice**

9.1 Timing of Class Notice

Notice shall be provided to all persons in the Settlement Class within thirty (30) days following entry of the Preliminary Approval Order as described herein. The Notice shall allow Class Members to submit a claim for payment within sixty (60) days thereafter.

9.2 Notice to Class Members

The Claims Administrator shall send the Notice described in Section 9.1 to the Class via: (i) electronic mail or (ii) first class mail, within thirty (30) days after entry of the Preliminary Approval Order. The Claims Administrator shall use the Notice Database to obtain each Class Member's last known address where available. If and to the extent deemed necessary by Class Counsel, the last known address of Class Members may be subject to confirmation or updating as follows: (a) the Claims Administrator may check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose Settlement Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from Class Members.

9.3 Re-Mailing of Returned Notices

Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. Skip tracing shall be performed for all returned email and mail. All costs of skip tracing will be considered Settlement Costs and deducted from the Settlement Fund.

9.4 Settlement Website

The Claims Administrator shall create and maintain a settlement website for the Action containing the operative complaint in the Action, the Settlement Agreement and the Notice along with any other information the Parties deem proper.

9.5 Settlement Call Center.

The Claims Administrator shall designate a toll-free number for receiving calls related to the settlement ("Settlement Call Center"). Anyone may call the Settlement Call Center from anywhere within the United States to receive details about the settlement. The Parties shall jointly resolve any dispute that may arise regarding the operation of the Settlement Call Center. Before the Notice is distributed, the Claims Administrator shall designate a toll-free number for the Settlement Call Center, which shall be included in the Notice. The Settlement Call Center shall be operational at a minimum from 9:00 A.M. to 9:00 P.M. (PST) or at such other times as the Parties deem necessary. The Settlement Call Center shall be maintained from the date the Notice is sent through at least the next 60 days. After that time, and for a period of ninety (90) days thereafter, either a live person or a recording will advise the caller that the details regarding the settlement may be reviewed on the related settlement website.

**10. CAFA Notice**

Defendant shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Motion for Preliminary Approval of Class Settlement.

**11. Claims Process**

11.1 Potential Claimants

Each Class Member who does not timely and validly request exclusion from the settlement, as set forth in Paragraph 12 below, shall be a Class Member bound by this Settlement Agreement and the Final Judgment to be entered following the hearing for final approval of the settlement. Each Class Member shall be entitled to make only one claim regardless of the number of Class Member calls recorded.

11.2 Conditions for Claiming Settlement Award

To make a claim, each Class Member must submit a valid and timely claim form postmarked or submitted online on or before the date specified in the Notice, which is sixty (60) days from the completion of Notice, as set forth in Paragraphs 9.2-9.3, above. The claim form shall contain the information set forth in Exhibit B hereto, including: (a) the Class Member's full name and residential mailing address; (b) confirmation that the Class Member, on or after December 30, 2011, received a telephone call from Defendant while within the State of California and was not informed that the call with Defendant would be recorded and/or monitored; (c) the approximate date of, and telephone number used to receive, each such telephone call; (d) for mailed claim forms, the Class Member's signature; and (e) for Claim Forms submitted via a web form, the Class Member's electronic signature. Defendant shall have the right to review the submitted claim forms and deny claims if Defendant has a good faith belief that any such claims are improper or fraudulent. If a Class Member fails to fully complete a claim form, the claim form will be invalid.

**12. Right to Opt Out of Settlement**

12.1 Class Members have the right to opt out and exclude themselves from the settlement by mailing an exclusion request ("Exclusion Request") to the Claims Administrator. The Exclusion Request must be postmarked on or before sixty (60) days from the day Notice is provided under Paragraph 9.1. The Claims Administrator will provide copies of such exclusion requests to Class Counsel and counsel for Defendant.

12.2 The Exclusion Request shall be in writing and include the name and number of the Action, the Class Member's name, address, and telephone number and must be signed by the Class Member.

12.3 If 1,000 or more Class Members opt-out of the Settlement Agreement by timely submitting an Exclusion Request, then Defendant, in its sole discretion, shall have the right to terminate the settlement. In the event that the settlement is terminated pursuant to this Section, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into as set forth in Paragraph 18 below.

**13. Right to Object to Settlement**

13.1 Any Class Member who intends to object to this Settlement Agreement must file his or her objections with the Court ("Objection") and submit a copy of the Objection

to the Claims Administrator. The Objection must be filed with the Court and postmarked on or before sixty (60) days from the day Notice is provided under Paragraph 9.1.

13.2 Any Objection filed with the Court and submitted to the Claims Administrator must set forth the name and case number of the Action, Class Member's name, address, telephone number and all arguments, citations and evidence supporting the Objection, and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. The Claims Administrator will timely provide copies of such Objections to Class Counsel and Defendant's counsel.

13.3 Any Class Member who fails to file a timely Objection pursuant to this Section and as detailed in the Notice shall have waived any right to object to the Settlement Agreement and shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

**14. Right To Enter An Appearance**

On or before sixty (60) days from the day Notice is provided under Paragraph 9.1, a Class Member may enter an appearance through an attorney if he or she so desires. Any such Class Member shall be solely responsible for any attorney fees, costs or expenses associated with such an appearance.

**15. Final Judgment**

15.1 As used herein, "Final Judgment" shall mean the entry by the Court of a judgment finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement and that judgment shall have become final either by expiration of time for appeal or if a Class Member objects to the settlement and files an appeal, by either a dismissal of said appeal or final appellate court decision in favor of, and affirming, the judgment and the Settlement Agreement in all material respects.

15.2 Defendant shall not be obligated to pay any sum pursuant to this Settlement Agreement except upon Final Judgment.

15.3 By entering Final Judgment, the Court shall:

15.3.1 Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Named Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

15.3.2 Certify the Class for settlement purposes only;

15.3.3 Find that the Notice implemented pursuant to the Settlement Agreement (a) constitutes the best practicable notice, (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing, (c) constitutes reasonable, due, adequate and sufficient notice to

all persons entitled to receive notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

15.3.4 Find that Class Counsel and the Named Plaintiff adequately represented the Class for purposes of entering into and implementing the settlement;

15.3.5 Incorporate the Release set forth in Section 17 below, make the Release effective as of the date of Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of the Action;

15.3.6 Bar and enjoin the Named Plaintiff and all Class Members who have not been excluded from the Class from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the Released Claims, as defined in Paragraph 17, below, and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the Released Claims.

**16. Payments Upon Final Judgment**

16.1 Within ten (10) days after Final Judgment, the Claims Administrator shall pay to Class Counsel, from the Settlement Fund, any reasonable attorney's fees and costs awarded by the Court.

16.2 Within ten (10) days after Final Judgment, the Claims Administrator shall pay to the Named Plaintiff, from the Settlement Fund, the incentive payment pursuant to Section 7 above, as approved by the Court.

16.3 Within ten (10) days after Final Judgment, and after all attorney's fees and costs awarded to Class Counsel, all costs of notice and claims administration, and the incentive payment to the Named Plaintiff have been paid out of the Settlement Fund, the Claims Administrator shall mail to each Class Member who timely submits a valid claim form a settlement check pursuant to Section 4 and Section 11 above representing his or her pro rata share of the Settlement Fund. The settlement checks to Class Members shall state on their face that the check will expire and become void if not cashed within 90 days of the date of the check. Each Class Member's entitlement to payment under this Settlement Agreement is contingent upon (1) not submitting a timely and properly filed Exclusion Request; and (2) cashing the settlement check within 90 days from the date of issuance of the check.

16.4 If there are any unclaimed funds or any funds from uncashed settlement checks, Class Counsel will file a brief in support and recommendation of one or more cy pres recipients, as agreed to by Defendant, which will then require approval by the Court.

**17. Release Upon Final Judgment**

17.1. The Named Plaintiff and each Class Member, (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge defendant Nelnet Servicing, LLC and all of its former, present and future direct and indirect parents, affiliates,

subsidiaries, successors and predecessors, including but not limited to Nelnet Inc. and Nelnet Business Solutions, Inc., and all of their respective former, present and future officers, directors, shareholders, managers, general partners, limited partners, employees, servants, agents, principals, attorneys, representatives, insurers, reinsurers, predecessors, successors, divisions, joint ventures, assigns, independent contractors and vendors (collectively the "Released Parties") from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the operative complaint in the Action, the putative Class Claims asserted in the Action, the Released Parties' recording and/or monitoring of calls, and the administration of this settlement ("Released Claims").

17.2. Each party acknowledges that it/he/she may hereafter discover facts different from, or in addition to, those which it/he/she now claims or believes to be true with respect to the claims released herein, and agrees that this Settlement Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional or unknown facts. The Parties hereby expressly waive any rights it/he/she may have under California Civil code Section 1542 or any other similar statute of any other state. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

17.3. In entering into this Settlement Agreement, each party assumes the risk of any misrepresentation, concealment or mistake. If any party should discover subsequent to Final Judgment that any fact relied upon by it/him/her in entering into this Settlement Agreement was untrue, or that any fact was concealed from it/him/her, or that its/his/her understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

**18. Effect of Court's Denial of Preliminary or Final Approval of Settlement**

There is no settlement if the Court does not preliminarily approve the settlement and finally approve the settlement in substantially the same form as set forth herein, or if the settlement is appealed, or if the judgment approving the settlement is appealed, and if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein. In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, certifying the Class, approving the Notice, and providing notice to the Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the settlement nor any of its provisions or the fact that this Settlement Agreement has been made shall be admissible in the Action or in any other action for any purpose whatsoever.

**19. Representations and Warranties**

Each of the parties to this Settlement Agreement represent, warrant and agree as follows:

19.1. Assignment of Claims

No party has hereto assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands and cause(s) of action disposed of by this Settlement Agreement.

19.2. Legal Advice

The Parties hereto acknowledge that they have had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Settlement Agreement and all other matters contained herein, including the waiver of rights under California Civil Code section 1542 or any other similar statute of any other state.

19.3 Investigation

The Parties hereto acknowledge that they have either been represented in the negotiations for, and in preparation of, this Settlement Agreement by counsel of their choice; that they have read this Settlement Agreement and have had it fully explained to them by such counsel; and that they are fully aware of the contents of this Settlement Agreement and of the legal effect of each and every provision thereof. Each party to this Settlement Agreement has made such investigation of the facts pertaining to this Settlement Agreement and of all of the matters pertaining thereto as it deems necessary.

19.4. Authority and Capacity to Execute Settlement Agreement

The Parties hereto represent and warrant to each other that the person executing this Settlement Agreement on their behalf has full authority and capacity to execute this Settlement Agreement and to give the releases and other promises contained herein.

**20. No Admission of Liability**

This Settlement Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by Defendant of any liability of any kind. Defendant denies any liability in connection with any such claims and intends merely to avoid further litigation of the Action.

**21. Return of Confidential Documents**

Within 30 days of Final Judgment, the original and all copies of all confidential or highly confidential documents and/or information subject to any Protective Order entered in the Action shall be returned to the designating party with a certification that no copies have been retained by the receiving party, or Class Counsel will certify that all documents in their possession, subject to a Protective Order, have been destroyed.

**22. No Publicity Beyond Notice Procedure**

Neither Class Counsel nor the Named Plaintiff will issue any press releases or make other public statements regarding the settlement, unless Defendant agrees to such press release or public statement in advance. Neither Class Counsel nor the Named Plaintiff will make any

formal public statements of any kind to any third party regarding the settlement prior to applying for preliminary approval, with the exception of communications with the Claims Administrator. The Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the settlement. This provision shall not prohibit Class Counsel from communicating with any Class Member regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with Class Members and will not disclose information that is not a part of the public record. The Parties and all counsel shall refrain from disparaging any of the Released Parties or taking any action designed or reasonably foreseeable to cause harm to the public perception of any of the Released Parties regarding any issue related in any way to the Action or the settlement.

**23. Choice of Law and Jurisdiction**

This Settlement Agreement is being executed in the State of California, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

**24. Construction of Agreement**

Each party has participated in the drafting and preparation of this Settlement Agreement. Hence, in construing this Settlement Agreement, none of the Parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Settlement Agreement, or otherwise. Each term and provision of this Settlement Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Settlement Agreement is held to be illegal or unenforceable, the remainder of this Settlement Agreement shall be binding and enforceable.

**25. Headings or Pronouns**

Headings or captions contained in this Settlement Agreement are solely for the convenience of the Parties, are not a part of this Settlement Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Settlement Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

**26. Entire Agreement**

This Settlement Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the Parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Settlement Agreement, have been made by any party hereto.

**27. Waiver, Modification and Amendment**

No provision of this Settlement Agreement may be waived unless in writing signed by all Parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Settlement Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by all Parties.

**28. Successors and Assigns**

This Settlement Agreement is binding upon, and shall inure to the benefit of, the Parties hereto and their respective successors, assigns, heirs, agents, employees, attorneys, representatives, officers, parents, affiliates, and subsidiaries.

**29. Execution in Counterparts**

This Settlement Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all Parties.

**30. Further Cooperation**

The Parties hereto agree to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Settlement Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Settlement Agreement.

**31. Notices**

All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Settlement Agreement, excluding communications directed to Class Members, shall be in writing and addressed as follows:

For the Named Plaintiff and the Class:

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
josh@westcoastlitigation.com

Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
ak@kazlg.com

For Defendant:

Marc Lackner, Esq.
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
mlackner@reedsmith.com

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the dates set forth below.

DATED: 3/5/14

THAN ZAW, as an Individual and as a Proposed Class Representative

DATED: 3/21/2014

NELNET SERVICING, LLC

By
Name: William J. Munn
Title: Secretary & General Counsel

APPROVED AS TO FORM AND CONTENT

DATED: 03/10/14

HYDE & SWIGART

By
Joshua B. Swigart
Attorneys for Plaintiff
Than Zaw

DATED: 03/10/14

KAZEROUNI LAW GROUP, APC

By
Abbas Kazerounian
Attorney for Plaintiff
Than Zaw

DATED: 3/24/2014

REED SMITH LLP

By
Marc A. Lackner
Attorneys for Defendant
Nelnet Servicing, LLC