1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**THAN ZAW, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

        Plaintiff,

        v.

**NELNET BUSINESS SOLUTIONS INC.; NELNET, INC.; and NELNET SERVICING, LLC; and DOES 1-100,**

        Defendant.

**Case No.:** C 13-05788 RS

**CLASS ACTION**

**ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS; PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS, AS MODIFIED BY THE COURT**

**HON. RICHARD SEEBORG**

On July 31, 2014, a hearing was held on the parties' joint motion for preliminary approval of a settlement class. At that time, the Court expressed concern with the scope of the release in the proposed settlement agreement, which provides in relevant part:

> The Named Plaintiff and each Class Member . . . hereby jointly and severally release and discharge defendant Nelnet Servicing, LLC . . . from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the operative complaint in the Action, the putative Class Claims asserted in the Action, *the Released Parties' recording and/or monitoring of calls*, and the administration of this settlement ("Released Claims").

1   (Settlement Agreement, pp. 8–9 (emphasis added).)  Of particular concern was the
2   fact that, while the class definition is temporally limited to individuals who received
3   calls from defendant on or after December 18, 2011 through the date of preliminary
4   approval, the claims release is not so limited.  Both parties represented to the court
5   that the release is not intended to encompass claims beyond the scope of the
6   complaint.  Nevertheless, the italicized portion of the release could fairly be read to
7   encompass a release of any claims a class member might possess arising from
8   defendant's recording or monitoring of calls either before or after the class period.
9   In other words, the plain language of the release is not limited to "the Released
10  Parties' recording and/or monitoring of calls *during the class period*."  Although an
11  individual who only received calls from defendant before December 18, 2011 would
12  fall outside of the class definition, an individual who received calls during the class
13  period and also outside of the class period (and who does not opt out) would be
14  bound by this release even for claims arising from calls made before the class period
15  commenced.

16      Despite this reservation, the proposed settlement "falls within the range of
17  possible approval," and meets other basic requirements for preliminary approval.  *In*
18  *re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007).  The
19  parties would be well-served, however, by considering an amendment to the scope
20  of the release and, in any event, should be prepared to address this concern again at
21  the final approval hearing.  With that caution in mind, and good cause appearing, the
22  parties' motion to certify a provisional class and for preliminary approval of the
23  class action settlement is granted for the reasons set forth below.

24

25      WHEREAS, a putative class action is pending in this Court entitled, *Than*
26  *Zaw, individually and on behalf of all others similarly situated v. Nelnet Business*
27  *Solutions Inc.; Nelnet, Inc.; and Nelnet Servicing, LLC; and DOES 1-100*, Case
28  No.: C 13-05788 RS (the "Action");

WHEREAS, the Parties to the Action have agreed, subject to Court approval following notice to the proposed settlement class (as described in Paragraph 7 below) and a hearing, to settle the Action upon the terms and conditions set forth in the Settlement Agreement, the Parties now request a preliminary certification of a Fed. R. Civ. P. 23(b)(3) settlement class and preliminary approval of the proposed class action settlement;

WHEREAS, this Court has reviewed the Settlement Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below have the meaning ascribed to them in the Settlement Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Settlement Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Settlement Agreement and settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 7 below) to confirm that the Settlement Agreement and settlement are fair, reasonable and adequate and to determine whether the settlement should be approved and final judgment entered in the Action based upon the Agreement.

The Court has read and considered the Agreement, Preliminary Approval Motion and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED:**

1. <u>Jurisdiction.</u>  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. <u>Preliminary Approval of Proposed Settlement.</u> The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that:

   (a) the Agreement resulted from extensive arm's length negotiations; and

   (b) the Agreement is sufficient to warrant notice of the settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3. <u>Class Certification For Settlement Purposes Only.</u> Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All persons within the State of California, who, on or after December 18, 2011 through the date of preliminary approval, received a telephone call from Defendant that was recorded and/or monitored by Defendant.

The total number of potential class members, based upon Defendant's records, is approximately 104,122.

In connection with this conditional certification, the Court makes the following preliminary findings:

   a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

   b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

   c. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

d. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

e. For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

4. <u>Class Representative.</u>   Plaintiff Than Zaw is designated as class representative for the Settlement Class.

5. <u>Class Counsel.</u>  The Court appoints Hyde & Swigart and the Kazerouni Law Group, APC as counsel for the Settlement Class.   The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6. <u>Settlement Hearing.</u>   A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Richard Seeborg, at the U.S. District Court, 250 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 3, on **November 13, 2014, at 1:30 p.m.**, as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 10 below.   The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement

Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

7.  Class Notice. Class Notice shall be published within thirty (30) days following entry of this Order.

    (a) Direct Mailing & Electronic Mailing Notice. The Claims Administrator will send Notice to the Class via (i) first class mail; and, (ii) electronic mail thirty (30) days after entry of the Preliminary Approval Order. The Claims Administrator shall obtain this contact information from the Notice Database. In addition, the Claims Administrator (1) may check the each mailing address against the United Stats Post Office National Change of Address Database before the initial mailing; (2) may conduct a reasonable search to locate updated addresses for any Class Member whose Settlement Notice is returned as undeliverable; (3) shall update addresses based on any forwarding information received from the United States Post Office; and, (4) shall update addresses based on any requests received from Class Notice.

    (b) Internet Notice. The Settlement Administrator will establish and maintain an Internet site using domain name www.ZawCallRecordingSettlement.com dedicated to the Settlement, on which will be posted the Short Form Notice, the Settlement Agreement with Exhibits, any attorneys' fees and costs application and any Orders relating to Preliminary Approval or Final Approval. The Publication Notice shall direct recipients to the settlement website. The website shall also allow for a Claim Form to be downloaded. The Settlement web page will be established prior to the publication of Notice and shall remain active until the date of Final Approval Order.

(c) <u>Settlement Call Center</u>. The Claims Administrator shall designate a toll-free number for receiving calls related to the settlement ("Settlement Call Center"). The Settlement Call Center shall be operation at a minimum from 9:00 a.m. to 9:00 p.m. PST and shall be maintained from the date Notice is sent through at least the next 60 days. After that time, and for a period of ninety (90) days thereafter, either a live person or a recording will advise the caller that the details regarding the settlement may be reviewed on the related settlement website.

(d) <u>CAFA Notice.</u>  In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Agreement, Defendant shall be ultimately responsible for serving written notice of the proposed class action settlement on the person who has the primary Federal regulatory or supervisory responsibility with respect to Defendant.

(e) <u>Declaration to be Filed Regarding Notice.</u>  At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement.

(f) <u>Findings Concerning Class Notice.</u>  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

(g) <u>Approval Of Claims Process and Settlement Procedure.</u>  The claims submission processes described in the Settlement Agreement are hereby approved.  The Court preliminarily approves the process set forth in the Settlement Agreement for submitting, reviewing, approving and paying all claims as described in the Settlement Agreement.

(h) <u>Costs of Administration, Incentive Payments, and Attorney Fees.</u>  The Court also approves the process for paying the costs of notice and claims administration, the incentive payment and the Class Counsel's attorneys' fees and litigation costs.  These costs will be paid out of the Settlement Fund, prior to any disbursement of the remaining amount on a pro rata basis to the Settlement Class Members who submit timely and valid claim forms.

8.   <u>Exclusion From The Settlement Class.</u>

(a) Class Members have the right to opt out and exclude themselves from the settlement by mailing an exclusion request ("Exclusion Request") to the Claims Administrator.  The Exclusion Request must be postmarked on or before the date specified in the Notice, which is 60 days from the date notice is provided.  The Claims Administrator will provide copies of such exclusion requests to Class Counsel and counsel for Defendant.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

(b) Exclusion requests must:  (i) be signed; (ii) include the full name, address and phone number of the person(s) requesting exclusion; (iii) include a statement to the effect that they wish to be excluded from this Settlement; and (iv) include the name and case number of the Action.  No request for exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of

or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

(c) The Claims Administrator will retain a copy of all requests for exclusion. Not later than ten days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

(d) If 1,000 or more Class Members opt-out of the Settlement Agreement by timely submitting an Exclusion Request, then Defendant, in its sole discretion, shall have the right to terminate the settlement. In the event that the settlement is terminated, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into as set forth in the Settlement Agreement.

9.    Objections And Appearances.

(a) Any person in the Class who has not timely submitted a valid request for exclusion from the Class, and thus is a Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive award to the Plaintiff.

(b) In order to be heard at the hearing, the person must make any objection in writing and file it with the Court within 60 days of the day notice is provided. The objection must also be mailed to the Claims Administrator, located at Zaw v. Nelnet c/o GCG P.O.Box 35122, Seattle, WA 98124-5122, and postmarked not later than 60 days from the day notice is provided.

(c) Any Objection filed with the Court and submitted to the Claims Administrator must set forth the name and case number of this matter, Class Member's name, address, telephone number and all arguments, citations and evidence supporting the Objection, and a statement of

whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. The Claims Administrator will provide copies of such Objections to Class Counsel and Defendant' counsel. Any Class Member who fails to comply with these provisions shall waive and forfeit any and all rights the Class Member may have to appear separately and/or object, and shall be bound by all the terms of this Stipulation of Settlement and the Settlement, and by all proceedings, orders, and judgments in the Action.  Any objections that are not timely filed and mailed shall be forever barred.

10. <u>Further Papers In Support Of Settlement And Fee Application.</u>  Any responses to objections to the Agreement shall be filed with the Court on or before the date of the Final Approval Hearing. Any general briefing in support of final approval of the Settlement not specifically directed to objections shall be filed thirty (30) days before the Final Approval Hearing. Any application for attorneys' fees and costs shall be filed no later than thirty (30) days prior to the last date for objecting to the Settlement. Supplemental papers in support of such fees and costs application, including objections to such fees and costs, may be filed on or before the date of the Final Approval Hearing.

11. <u>Effect of Failure to Approve the Agreement.</u>  In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be

used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement, its existence and any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of the Agreement shall have no effect and shall not be admissible evidence for any purpose, including to establish any fact relevant to class certification or any alleged liability of Bank of America for the matters alleged in the Action or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law; and

(d) Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Defendant's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

12. <u>Stay/Bar Of Other Proceedings.</u>  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.  Pending final determination of whether the settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity)

against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

13.   Continuing Jurisdiction.   The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement the Agreement.

Dated: **8/4/14**

_____

Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE