**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Than Zaw

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**THAN ZAW, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**NELNET BUSINESS SOLUTIONS INC.; NELNET, INC.; and NELNET SERVICING, LLC; and DOES 1-100,**

Defendant.

**Case No.:** C 13-05788 RS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**DATE:** November 13, 2014
**TIME:** 1:30 p.m.
**COURTROOM:** 3

**HON. RICHARD SEEBORG**

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..... 1

II. PROCEDURAL BACKGROUND ..... 2

A. PLAINTIFF'S ALLEGATIONS ..... 2

B. DISCOVERY. ..... 2

C. MEDIATION AND SETTLEMENT NEGOTIATIONS ..... 3

D. PRELIMINARY APPROVAL AND CONDITIONAL CERTIFICATION ..... 3

E. CLASS NOTICE DISSEMINATION ..... 4

F. RESPONSE TO CLASS NOTICE ..... 4

III. FINAL APPROVAL IS WARRANTED ..... 5

A. THE CLASS ACTION SETTLEMENT APPROVAL PROCESS ..... 5

B. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE ..... 5

1. The Strength of Plaintiff's Case and the Risks, Expenses, Complexity and Likely Duration of Further Litigation ..... 7

a. *Challenges to the claims on their merits* ..... 7

b. *The risk of maintaining class action status throughout trial* ..... 7

2. The Amount Offered in Settlement ..... 8

3. The Extent of Discovery Completed ..... 9

4. The Experience and Views of Counsel ..... 9

5. The Presence of a Governmental Participant ..... 10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

6. The Reaction of Class Members .......................................................10

7. The Presence of Good Faith, Absence of Collusion, and the Approval of a Third-Party Mediator Support Final Approval of the Class Settlement ..........................................................................10

IV. CONCLUSION ..........................................................................................11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Bert v. AK Steel Corp.*,
2008 WL 4693747 .......... 10

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1997) .......... 9

*Class Plaintiff v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) .......... 5

*Dennis v. Kellogg Co.*,
2010 WL 4285011) .......... 10

*Fulford v. Logitech, Inc.*,
2010 U.S. Dist. LEXIS 29042 (N.D. Cal. 2010) .......... 8

*Garner v. State Farm Mut, Inc.*,
2010 WL 1687832 (N.D. Cal. 2010) .......... 6

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......... 6

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .......... 10

*In re Omnivision Technologies, Inc.*,
559 F. Supp. 1036 (N.D. Cal. 2007) .......... 9

*Knight v. Red Door Salons, Inc.*,
2009 WL 248367 (N.D. Cal. 2009) .......... 6

*Larson v. Sprint Nextel Corp.*,
2010 WL 239934 .......... 10

*Linney v. Cellular Alaska P'ship*,
1997 U.S. Dist. LEXIS 24300 (N.D. Cal. 1997) .......... 9

*Milliron v. T-Mobile USA, Inc.*,
2009 WL 3345762 .......... 10

*Offices for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) ....................................................................6

*Pelletz v. Weyerhaeuser Co.*,
255 F.R.D. 537 (2009)...............................................................................6

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,
2010 WL 2486346 (C.D. Cal. 2010) ........................................................10

*Vasquez v. Coast Valley Roofing, Inc.*,
266 F.R.D. 482 (E.D. Cal. 2010).................................................................7

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# I. INTRODUCTION

Plaintiff THAN ZAW ("Plaintiff") submits this Memorandum in Support of Final Approval of the Parties' Class Action Settlement. As discussed in Plaintiff's Motion for Preliminary Approval, the Parties' Settlement Agreement resolves all California Penal Code § 632 claims in this matter against Defendant NELNET SERVICING, LLC ("Defendant") that occurred between December 18, 2011 and August 4, 2014. [*See* ECF No. 22, Order Certifying Provisional Settlement Class; Preliminarily Approving Class Action Settlement and Providing For Notice to the Settlement Class ("Preliminary Approval Order")].

Plaintiff brought this action on behalf of himself and all others similarly situated alleging that Defendant recorded Plaintiff and the putative class members without their knowledge and/or consent in violation of California Penal Code § 632. [Plaintiff's Fourth Amended Complaint, ECF No. 41 ("4AC"), ¶ 1]. As described in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, Defendant shall establish a settlement fund in the total amount of $1,188,110.00 to resolve the claims of the class. [*See* ¶ 3 of the Parties' Settlement Agreement and Released attached as Exhibit 4 to the Parties' Motion for Preliminary Approval]. Since 2010, the Parties have engaged in extensive discovery, depositions and Motion practice. As a result of this litigation, the Parties have fully established the applicable claims and defenses necessary to fairly, reasonably, and adequately evaluate the class claims that Plaintiff sought to represent.

With this Motion, Plaintiff now seeks final approval of the Parties' Class Action Settlement because no facts have arisen that would call into question the Class Action Settlement being fair, adequate and reasonable. [ECF No. 66]. In fact, not a single consumer has objected to the settlement and only one consumer has requested exclusion. [Kazerounian Decl., ¶¶ 18-19; and, Zaw Decl., ¶¶ 6-7]. As discussed in detail below, the proposed Settlement satisfies all criteria for

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

settlement approval under Ninth Circuit authority.

## II. PROCEDURAL BACKGROUND

The Parties were only able to reach this substantial settlement with the assistance the Honorable Edward A. Infante (Ret.) after more than four years of litigation. For the purpose of clarity, Plaintiff describes this litigation process below.

### A. PLAINTIFF'S ALLEGATIONS

On December 30, 2010, Zaw initiated this action against Nelnet in the Superior Court of Contra Costa. [*See* Declaration of Todd Friedman filed concurrently with Plaintiff's Motion for Attorneys ("Friedman Decl."), ¶ 20]. Thereafter, Nelnet lodged a demurrer in response to Zaw's Complaint. [*Id*. at ¶ 21]. After amending Zaw's Complaint to cure the alleged deficiencies, Nelnet lodged yet another demurrer to Zaw's First Amended Complaint. [*Id*. at ¶ 22]. After further amendment and another demurrer, Plaintiff lodged a Motion for Leave to File a Third Amended Complaint. [*Id*. at ¶ 23]. During this time, the Parties engaged in extensive discovery required to prove each of Zaw's allegations. [*Id*. at ¶ 24]. Thereafter, Nelnet removed this matter to this Court on December 13, 2013. [ECF No. 1]. On January 29, 2014, the Parties settled and dismissed Zaw's individual claims pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. which left only Plaintiff's class claims remaining. [ECF No. 15].

Only after additional discovery and settlement discussions between counsel, the Parties determined that mediation would assist the Parties in resolving this matter. [Kazerounian Decl., ¶ 26]. As such, the Parties utilized the Honorable Edward A. Infante (Ret.) of JAMS. [*Id*.]. As a result of an all-day mediation session with Judge Infante on October 16, 2013, the Parties were able to reach an agreement on the amount of the settlement. [*Id*.]. The Parties then continued negotiations about the many details of the settlement in good faith for several

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

months and were eventually able to agree on the remaining terms of the settlement. [*Id.*].

On June 10, 2014, the Parties filed a Joint Motion for Preliminary Approval of the current Class Action Settlement. [ECF No. 16]. Said Motion was granted on August 4, 2014. Currently pending before this Court are Plaintiff's Motion for Final Approval; and, Plaintiff's request for attorneys' fees, costs, and an incentive award for Plaintiff.

**B. DISCOVERY**

Following the Motion practice discussed above, the Parties continued to vigorously litigate this matter during the discovery process. [Kazerounian Decl., ¶ 7; and, Swigart Decl., ¶ 7]. Plaintiff propounded numerous discovery requests including Requests for Admissions; Requests for Production of Documents; and, Special Interrogatories. [*Id.*]. In addition, Plaintiff was also required to respond to Defendant's discovery requests as well as review Defendant's responses to Plaintiff's discovery requests. [*Id.*]. Following review of Defendant's responses, Plaintiff's counsel was forced to meet and confer with Defendant on four separate occasions in order to obtain adequate responses. [*Id.*]. While reviewing all the information obtained in discovery, Plaintiff was required to review and analyze documents and information as well as research additional defenses proposed by Defendant in Defendant's discovery responses. [*Id.*].

**C. MEDIATION AND SETTLEMENT NEGOTIATIONS**

Prior to attending formal mediation sessions with Judge Infante, the Parties engaged in informal settlement discussions to further establish and justify the Parties' respective positions. [Kazerounian Decl., ¶ 5; and, Swigart Decl., ¶ 5]. Said discussions included examination of the legal landscape regarding unlawful recording class actions and the settlements reached in those cases. [*Id.*]. In addition, the Parties also discussed the policies and procedures instituted by Defendant in order to avoid such violations. [*Id.*]. During the full-day mediation,

the Parties further discussed the applicable claims and defenses but ultimately reached a framework for the settlement terms on a class-wide basis. [Kazerounian Decl., ¶ 6; and, Swigart Decl., ¶ 6]. Following mediation, the Parties continued negotiating in good faith and ultimately agreed on the preliminarily approved settlement. [Kazerounian Decl., ¶ 7; and, Swigart Decl., ¶ 7]. Only after the Parties agreed on the material terms of the settlement did the Parties discuss payment of attorneys' fees, costs and Plaintiff's incentive award. [*Id*.].

**PRELIMINARY APPROVAL AND CONDITIONAL CERTIFICATION**

On August 4, 2014, this Court preliminarily approved the Parties' settlement agreement. [ECF No. 22]. Therein the following settlement class was provisionally certified:

> All persons within the State of California, who, on or after December 18, 2011 through the date of preliminary approval, received a telephone call from Defendant that was recorded and/or monitored by Defendant.

*See* Preliminary Approval Order, ¶ 3.

As required in the preliminary approval analysis, this Court preliminarily determined that the settlement did not result from fraud, overreaching, or collusion, but instead resulted from serious, informed, non-collusive negotiations. [ECF No. 22]. Following Preliminary Approval of the settlement, the Parties' and the claims administrator, the Garden City Group, Inc. ("GCG") have adequately performed their obligations pursuant to the Settlement Agreement. [Kazerounian Decl., ¶ 13; and, Swigart Decl., ¶ 13].

**D. CLASS NOTICE DISSEMINATION**

The Parties administered the notice process through the claims administrator, GCG. [Preliminary Approval Order, ¶ 7]. In accordance with the Settlement Agreement and this Court's Preliminary Approval Order, GCG provided direct mail notice; e-mail notice; and, internet notice. [*Id*. at ¶¶ 7(a)-7(b)]. The Class Notice provided detailed information regarding (a) class members' rights,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

including the manner in which objections and exclusions could be lodged; (b) the case's nature, history and progress; (c) the proposed settlement and reason for the settlement; (d) the settlement's benefits; (e) Class Counsel's requested fees and costs; (f) the Fairness Hearing's date, time and location; and, (g) Class Counsel's contact information. The estimated cost of notice is $77,519.27. [Kazerounian Decl., ¶ 10(a); and, Swigart Decl., ¶ 10(a)].

### E. Response To Class Notice

A notable number of consumers contacted GCG and class counsel to discuss the Class Notice, their options and the case status. Out of all the class members that received notice, not a single consumer objected to the settlement and only one consumer requested exclusion. [Kazerounian Decl., ¶¶ 18-19]. As such, Class Counsel believes that each of the 1,452 Class Members that timely submitted a claim form will receive $548.94. [Kazerounian Decl., ¶ 10(a); and, Swigart Decl., ¶ 10(a)]. Class Counsel arrived at this number by subtracting notice costs;[1] Plaintiff's attorneys' fees and costs;[2] and, Plaintiff's requested incentive award of $1,500 from the $1,188,110.00 Settlement Fund. [*Id.*].

## III. FINAL APPROVAL IS WARRANTED

### A. The Class Action Settlement Approval Process

Federal Courts strongly favor and encourage settlements, particularly in class actions and other complex matters where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiff v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting that "strong judicial policy...favors settlements, particularly where complex class action litigation is concerned"); 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.41 (4th Ed. 2002) (gathering cases). The

[1] GCG informed Plaintiff that the total notice costs for this matter are $53,758.73; however, GCG expects these costs to increase to $77,519.27 to complete administration.

[2] For this calculation, Plaintiff used the full amount demanded, $297,027 in attorneys' fees and $15,000 in costs.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

traditional means for handling claims like those at issue here – individual litigation – would require a massive expenditure of public and private resources and, given the relatively small value of the claims of the proposed individual class members, would be impractical. Thus, the proposed Settlement is the best vehicle for Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

### B. THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.

Before granting final approval of a class action settlement, a reviewing court must first find the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(A. In evaluating whether a class settlement is "fair, adequate and reasonable," courts generally refer to eight criteria, with differing degrees of emphasis: (1) the likelihood of success by Plaintiff; (2) the amount of discovery or evidence; (3) the settlement terms and conditions; (4) recommendation and experience of counsel; (5) future expense and likely duration of litigation; (6) recommendation of neutral parties, if any; (7) number of objectors and nature of objections; and, (8) the presence of good faith and the absence of collusion. *See* 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.43 "General Criteria for Settlement Approval" (3d ed. 1992). This list is

> not exhaustive, nor will each factor be relevant in every case...The relative degree of importance to be attached to any particular factor will depend upon, and be dictated by, the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case.

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

"A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *4 (N.D. Cal. 2009); *Garner v. State Farm Mut. Ins.*, 2010 WL 1687832, at *13 (N.D. Cal. 2010) ("Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."). This is because "[t]he

extent of the discovery conducted to date and the stage of the litigation are both indicators of counsel's familiarity with the case and of Plaintiff having enough information to make informed decisions." *Knight*, 2009 WL 248367, at *4.

In the end, "[s]ettlement is the offspring of compromise; the question we address is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 544 (W.D. Wash 2009) (same). Here, the record before the Court demonstrates that the settlement agreement satisfies the Ninth Circuit's standard and that final approval is warranted. Thus, the Parties request this Court grant the Parties' Motion for Final Approval.

**1. <u>The Strength of Plaintiff's Case and the Risks, Expenses, Complexity and Likely Duration of Further Litigation</u>**

Plaintiff continues to believe that Plaintiff's claims against Defendant have merit and that Plaintiff could make a compelling case if Plaintiff's claims were tried. If Plaintiff was to prevail, Defendant could face substantial statutory penalties. Nevertheless, it is apparent that Plaintiff and the Class would face a number of challenges if the litigation were to continue.

***a. Challenges to the claims on their merits***

In the Parties' Preliminary Approval Motion, Defendant identified a number of potential issues with proceeding on the merits. While Plaintiff disputes the validity of said assertions, Defendant assert that Plaintiff, and the Class Members, had no reasonable expectation of privacy because Defendant asserts that each consumer is informed that Defendant records telephonic communications by an automated message. [Preliminary Approval Motion, 3:1-12]. Thus, a consumer that continued speaking after receipt of the warning would have impliedly consented to said recording.[3] [*Id*.]. Based upon these contentions, Defendant

[3] *See, e.g., Torres v. Nutrisystems*, 289 F.R.D. 587 (C.D. Cal. 2013).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

denies any and all liability related to Plaintiff's Complaint. [*Id.* at 5:9-12]. While Plaintiff believes that Plaintiff would over come these issues, the risk to the class is substantial. To reject this settlement and proceed with litigation would be highly detrimental to the class; thus, Plaintiff believes it is in the best interest of the class to accept this substantial monetary benefit and has acted accordingly by accepting said settlement.

**b. *The risk of maintaining class action status throughout trial.***

The benefits of settlement and a plaintiff's chances of success are typically evaluated together. *See, e.g. Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (E.D. Cal. 2010) ("An important consideration in judging the reasonableness of a settlement is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement."). Through discovery and confirmatory discovery, Plaintiff believes that Plaintiff obtained sufficient information to establish that Plaintiff's class satisfies the requirements of Fed. R. Civ. P. 23; however, Defendant has focused on the issues addressed above to argue that Plaintiff and the Class Members face numerous risks in moving forward and that class treatment of this matter is inappropriate. Should this Court decline to certify Plaintiff's case as a class action, the Class Members will be forced to retain their own counsel and proceed on the basis of individual claims only.

In addition, there is a substantial risk of losing inherent in any jury trial. Even if Plaintiff prevailed at trial, Defendant would almost certainly appeal, threatening a reversal of any favorable outcome. *See Fulford v. Logitech, Inc.*, 2010 U.S. Dist. LEXIS 29042, at *8 (N.D. Cal. 2010) ("[L]iability and damages issues – and the outcome of any appeals that would likely follow if the Class were successful at trial – present substantial risks and delays for Class Member recovery.").

Under the Settlement Agreement, the Class Members may avoid each of the risks described herein and receive substantial monetary benefits. "[T]his settlement...guarantees a recovery that is not only substantial, but also certain and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

immediate, eliminating the risk that class members would be left without any recovery...at all." *Fulford*, 2010 U.S. Dist. LEXIS 29042, at *8. Thus, Plaintiff contends that the substantial risk weighs in favor of granting final approval of this matter.

**2. The Amount Offered in Settlement**

The Settlement requires Defendant to pay $1.188,110.00 into a settlement fund out of which eligible Class Members will receive their *pro rata* share of cash payments. No amount of this fund will revert back to Defendant. Given the potential issues described above, this settlement represents an outstanding result for Class Members, particularly because the Penal Code damages are purely statutory in that Class Members have not suffered any out-of-pocked losses or other economic harm.

As discussed above, Class Counsel estimates that each Class Member will receive $548.96. [Kazerounian Decl., ¶ 10(a); and, Swigart Decl., ¶ 10(a)]. Class Counsel arrived at this number after deducting notice costs as well as Plaintiff's attorneys' fees and costs from the settlement fund.

**3. The Extent of Discovery Completed**

The Settlement was reached only after Class Counsel's thorough investigation and analysis of the factual and legal issues involved. As detailed above, Class Counsel spent significant time thoroughly investigating the factual and legal claims involved in this Action, both prior to filing this Action and during discovery. [[Kazerounian Decl., ¶ 6; and, Swigart Decl., ¶ 6]. In addition, Defendant also provided Plaintiff with informal discovery as well as responded to confirmatory discovery to confirm that the settlement was fair, reasonable and adequate. [[Kazerounian Decl., ¶ 7; and, Swigart Decl., ¶ 7].

**4. The Experience and Views of Counsel**

Class Counsel are particularly experienced in litigating unlawful recording claims and have a keen understanding of the legal and factual issues involved in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

this case. [Kazerounian Decl., ¶ 22; and, Swigart Decl., ¶ 15]. Based upon this experience, Class Counsel fully endorse this settlement as fair, adequate and reasonable which weighs heavily in favor of the Court approving the settlement. *See In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) ("The recommendations of Plaintiff's counsel should be given a presumption of reasonableness."); *Linney v. Cellular Alaska P'ship*, 1997 U.S. Dist. LEXIS 24300, at *16 (N.D. Cal. 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair.").

**5. The Presence of a Governmental Participant**

No governmental agency is directly involved in this lawsuit; however, Defendant has notified the officials designated pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 of the proposed settlements. [ECF No. 18]. To date, no governmental entity has raised objections or concerns about the Settlement.

**6. The Reaction of Class Members**

To date, the Class Members have nearly uniformly approved of the settlement with no objections or and one exclusion requested. [Kazerounian Decl., ¶¶ 18-19].

**7. The Presence of Good Faith, Absence of Collusion, and the Approval of a Third-Party Mediator Support Final Approval of the Settlement.**

In addition to considering the above factors, the Ninth Circuit has indicated that the Court should carefully review the settlement for any signs of collusion or conflicts of interest. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). *Milliron v. T-Mobile USA, Inc.*, 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at

arm's length and without collusion between the parties (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive (emphasis added)"; *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 McLaughlin on Class Actions § 6:7 (8th ed) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion (emphasis added)."); and, *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was noncollusive (emphasis added).").

As detailed above, the Settlement is the result of lengthy, adversarial arm's-length negotiations between attorneys experienced in the litigation, certification, trial and settlement of nationwide class action cases. In addition, the Honorable Edward A. Infante (Ret.) of JAMS facilitated the final settlement of this action. [Kazerounian Decl., ¶ 8; and, Swigart Decl., ¶ 8]. Accordingly, no signs of collusion or conflicts of interest are present here.

## IV. CONCLUSION

For all of the foregoing reasons, the Parties respectfully request this Court enter an Order granting final approval of the Settlement.

Dated: October 14, 2014

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626