**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino del Rio South, Suite 101
San Diego, CA 92108
Telephone (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Than Zaw

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAN ZAW, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>NELNET BUSINESS SOLUTIONS INC.; NELNET, INC.; and NELNET SERVICING, LLC; and DOES 1-100,<br><br>Defendant. | **Case No.:** C 13-05788 RS<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** November 13, 2014<br>**TIME:** 1:30 p.m.<br>**COURTROOM:** 3<br><br>**HON. RICHARD SEEBORG** |

///

///

---

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

# DECLARATION OF ABBAS KAZEROUNIAN, ESQ.

I, ABBAS KAZEROUNIAN, declare:

1. I am one of the attorneys for the Plaintiff in this action, and named as Class Counsel for the Settlement Class in the Court's August 4, 2014 Order preliminarily approving the settlement. I submit this declaration in support of Plaintiff's Motion for Final Approval of the Class Action Settlement.

2. I am licensed to practice law before this court and all California state courts and all federal courts located in the State of California. If called as a witness, I would competently testify to the matters herein from personal knowledge.

## SUMMARY OF CASE HISTORY AND SETTLEMENT

3. I have been involved in every aspect of this case from inception through the present. I submit this declaration in support of the Plaintiff's Motion for Final Approval of Class Action Settlement in which Plaintiff seeks to have the Court approve the agreed-upon settlement payment of a maximum amount of $1,188,110.00 ("common fund"). This common fund will be used to compensate Class Members and will also be used to pay attorneys' fees, litigation costs to Class Counsel, provide an incentive payment to the named Class Representatives, and recoup the costs of notice and claims administration, collectively the "Settlement Costs". Class Counsel are seeking, as described in the previously filed Motion for Fees and Costs, attorneys' fees of 25% of the common fund, which this Court has already preliminarily approved. Thus, Class Counsel is seeking $297,027 as fees, and $92,519.27 in costs, including $15,000 in litigation costs and $77,519.27 in notice and claims administration costs for the Garden City Group, Inc., ("GCG"), the Claims Administrator. A total of $1,500 in incentive payments is also sought for the Class Representatives.

///

///

4. This matter was brought to the attention of Class Counsel by Plaintiff and the case was initiated in 2010. Thereafter, Class Counsel initiated a thorough investigation, and conducted relevant factual and legal research. The information learned through this investigation was invaluable during settlement negotiations.

5. After filing this action, Class Counsel and Defendant Nelnet Servicing, LLC ("Defendant") engaged in extensive negotiations including an exchange of letters, emails, and telephone conversations that thoroughly analyzed the relevant legal, social, and factual issues at issue, and explored the parties' respective positions on the merits of the action and viability of class certification.

6. To further establish the Parties' respective positions, Defendant lodged multiple Demurrers. Thereafter, the Court's Orders further narrowed both the applicable claims and defenses asserted by the respective Parties.

7. Subsequently, both parties exchanged correspondence, including the exchange of relevant information and documents, lists of phone numbers that received the calls to their cell phones, off-site data used during the class period, and argued their respective positions. The Parties engaged in extensive discovery which was also vital to establishing each Parties' position.

8. Class Counsel and Defendant propounded discovery, prepared responses, and Class Counsel prepared and reviewed confirmatory discovery responses which satisfactorily confirmed the parameters of the Class, the damages agreed upon, and other information informally exchanged prior to, during and following the mediation process. Class Counsel was able to reaffirm the adequacy, appropriateness, and reasonableness of the settlement.

9. The Parties filed their Motion for Preliminary Approval of Class Action Settlement on June 10, 2014, and the Court granted preliminary approval in an order dated August 4, 2014.

10. The settlement consists of the following:

   a. Defendant shall establish a settlement fund in the amount of $1,188,110.00. Any of the Class Members that make a timely claim within the time period provided in the notice to Class Members each shall share, pro rata, in the Settlement Fund after deducting the Settlement Costs: 1) reasonable attorney's fees ($297,027) and litigation costs ($15,000) as requested in Plaintiff's Motion for Attorneys' Fees and Costs; 2) the costs of notice and claims administration of $77,519.27; and 3) the proposed Incentive Award of $1,500.00 for Plaintiff's efforts in litigating this case. After deducting those Settlement Costs, the remaining fund is $749,333. Assuming valid claims of 1,452, each claimant will receive a pro rata payment of approximately $548.94.

   b. Plaintiff has applied to the Court by separate motion for an incentive award of $1,500.00, to be divided evenly, for Plaintiff's service as Class Representatives in this action. Any incentive awards approved by the Court will be paid from within the Settlement Fund.

   c. The costs of notice and claims administration will be deducted from the Settlement Fund. Those costs have recently been calculated to be $53,758.73 for all GCG's current costs. A true and correct copy of GCG's current invoice is attached hereto as Exhibit 1.

   d. Based upon GCG's experience, GCG expects GCG's current costs to increase to $77,519.27 in order to complete the remaining duties required to provide adequate notice to the Class Members.

   e. GCG's costs were originally estimated to be $125,250.

   f. Class Counsel has previously filed a motion to be heard at the same time as the Final Approval hearing for an award of reasonable attorney's fees and costs, in an amount of 25% of the maximum Settlement Fund as attorneys' fees, $297,027, and for $15,000 in litigation costs, other than

the GCG costs.

11. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

12. The Named Plaintiffs and all of their counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, we believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. We have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action. I strongly believe, as does each Plaintiff's attorney, that the Settlement should be given final approval.

13. Therefore, Class Counsel is requesting that the Court grant Final Approval to the Settlement.

## ADEQUACY OF SETTLEMENT

14. This is a statutory damages case meaning that no Class Member has lost any money as a result of the Defendants' actions. Therefore, the deterrent effect of statutory damages has been met, and the proceeds will be divided among the persons called. In other words, the Class members are not getting a percentage of money they have expended; they are receiving money as statutory damages for being recorded without their knowledge and/or consent. Therefore, obtaining a $1,188,110 settlement for the Class to divide is an exemplary

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** PAGE 4 OF 6

1  settlement. Each of the 1,452 claimants will get approximately $548.94 resulting in more than a million dollars of economic relief. As a result, in my opinion, based upon my experience in civil litigation and in litigating class actions, and based upon the facts of this case, the number of class members, and the other circumstances, I believe this settlement is fair and reasonable. Therefore, I believe the settlement merits Court approval.

## THE CLASS DEFINITION

15. The Class definition as approved in the Preliminary Approval Order is as follows:

> All persons within the State of California, who, on or after December 18, 2011 through August 4, 2014, received a telephone call from Defendant that was recorded and/or monitored by Defendant.

*See* Preliminary Approval Order, ¶ 3

## NOTICE

16. GCG will be filing a detailed declaration describing the notice procedures on or before November 3, 2014. [*See* ¶ 7(d) of the Order Granting Preliminary Approval].

17. As approved in ¶ 7 of this Court's Order Granting Preliminary Approval, GCG provided (a) internet notice; (b) direct mail notice; (c) e-mail notice; and, (d) CAFA notice.

   a. Internet notice was provided at www.ZawCallRecordingSettlement.com. At this address, consumers could view the publication notice (Short Form Notice), the Long Form Notice, the Claim Form, the Settlement Agreement with Exhibits, the operative Complaint, Plaintiff's request for Attorneys' Fees and Costs, and the Order Granting Preliminary Approval.

   b. Finally, GCG provided CAFA Notice in compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 State. 4.

### OPT OUTS

18. Not a single consumer has elected to opt out of the Parties' Settlement.

### EXCLUSIONS

19. Only one consumer requested exclusion from the Class Action Settlement.

### CLAIMS PROCEDURE

20. GCG established easily an easily followed claims procedure agreed upon in the Settlement Agreement that permitted Class Members to file a claim by calling a toll-free 800 telephone number, file a claim online, or submit a claim via mail.

21. Here, the intent was to make submitting a claim as easy as possible to encourage the filing of claims.

### CLASS COUNSEL EXPERIENCE

22. I have outlined my experience in the Declaration of Abbas Kazerounian in Support of Preliminary Approval of Class Action Settlement Agreement to be heard at the same time as this motion, and I am not repeating it here, for sake of brevity.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in Costa Mesa, CA on October 14, 2014.

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT                                      PAGE 6 OF 6